## WHITE'S GUARDIAN v. MARTIN et al.

(Third Division. Fairbanks. July 22, 1905.)

### No. 296.

1. INSANE PERSONS—APPOINTMENT OF GUARDIAN—JURISDICTION.

The appointment of a guardian for the person and estate of an insane person is peculiarly within the equitable jurisdiction of the probate court; it is a proceeding for the benefit of the insane person and the protection of his estate.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 47.]

2. SAME—STATUTES.

> The provisions of chapter 88 of the Code of Civil Procedure, providing for the appointment of guardians for insane persons and their estates, are neither amended, modified, nor repealed by the act of January 27, 1905 (chapter 277, 34 Stat. 616), providing that no person shall be adjudged insane or committed as such to the asylum without jury trial.

By the act of June 6, 1900 (chapter 786, 31 Stat. 474), the probate court is given the power to appoint a guardian for the person and estate of insane persons. Sections 895, 896, and 897 provide:

"Sec. 895. Commissioners in their respective precincts shall have power to appoint guardians to take care, custody, and management of the estates, real, and personal, of all insane persons, idiots, and all who are incapable of conducting their own affairs, and the maintenance of their families and the education of their children.

"Sec. 896. When the relatives or friends of any insane person, or any other persons, inhabitants of the precinct in which such insane person resides, shall apply to the commissioner by petition in writing to have a guardian appointed for him, the commissioner shall cause notice to be given to the supposed insane person of the time and place appointed for hearing the case, not less than ten days before the time so appointed; and if, after a full hearing, it shall appear to the commissioner that the person in question is incapable of taking care of himself, the commissioner shall appoint a guardian of his person and estate, with the powers and duties hereinafter specified.

"Sec. 897. Every guardian so appointed for an insane person shall have the care and custody of the person of the ward and the management of all his estate, and he shall give bond to the United States in like manner and in like conditions as is before prescribed with respect to the guardian of a minor, excepting that the provision relating to the education of the ward shall be omitted in the condition of the bond."

The sections above quoted constitute a portion of chapter 88 of the Code of Civil Procedure. Sections 911 and 912 are also found in that chapter, and read as follows:

"Sec. 911. When any minor or other person likely to be put under guardianship according to the provisions of this chapter shall reside without the district and shall have any estate therein, any friend of such person, or anyone interested in his estate, in ex-

pectancy or otherwise, may apply to the commissioner of any precinct in which there may be any estate of such absent person, and after notice to all persons interested, to be given in such manner as the commissioner shall order, and after a full hearing and examination, if it shall appear proper the commissioner may appoint a guardian of such absent persons.

"Sec. 912. Every guardian appointed according to the provisions of the preceding section shall have the same powers and duties with respect to any estate of the ward that may be found within the district, and also with respect to the person of the ward if he shall come to reside therein, as are prescribed to any other guardian appointed by force of this chapter."

By an act entitled "An act to provide for the construction and maintenance of roads, the establishment and maintenance of schools, and the care and support of insane persons in the District of Alaska, and for other purposes," approved January 27, 1905 (chapter 277, 34 Stat. 616), Congress amended the law in relation to the commitment of insane persons in the District of Alaska. The eighth section of that act provides:

"Sec. 8. That commissioners appointed by the judges of the District Court in the District of Alaska, pursuant to existing laws, shall be ex officio probate judges and in the exercise of their probate jurisdiction, have the power, and it shall be their duty, in their respective districts, to commit, by warrant under their hands and seals, all persons adjudged insane in their district to the asylum or sanitarium provided for the care and keeping of the insane of the District of Alaska. No person shall be adjudged insane or committed as such, except upon and pursuant to the following proceedings, to-wit:   Whenever complaint in writing is made by any adult person to a commissioner that there is an insane person at large in the commissioner's district, the commissioner shall at once cause such insane person to be taken into custody and to be brought before him, and he shall then immediately summon and empanel a jury of six male adults, residents of the district, to inquire, try, and determine whether the person so complained of is really insane."

The section then provides for the trial of the alleged insane person, the calling of physicians and witnesses, and the entry of the judgment upon the verdict of the jury finding that the person is insane, and the section then continues:

"The commissioner shall thereupon, under his hand and seal, issue his warrant, with a copy of said judgment attached, for the commitment of said insane person to the asylum or sanitarium aforesaid, which warrant shall be delivered to the marshal of the division in which said proceedings are had, and shall direct said marshal to safely keep and deliver said insane person to said asylum or sanitarium, and the said marshal, for the service of process in connection with and the guarding and transportation of the insane, shall be compensated from the same source and in the same manner as in the case of prisoners convicted of crime."

The section then provides for the payment of the costs of the proceedings out of the public funds.

Pratt & Johanson, for plaintiff.

Claypool, Stevens, Kellum & Cowles, for defendants.

WICKERSHAM, District Judge. The point made on the argument of the demurrer is that, since the passage of this last act of Congress, the commissioner has no authority to declare a person insane and appoint a guardian for his person and property except after jury trial and under the provisions of this act of January 27, 1905.

No such construction can be given to this act. Its purpose is plain, and has no relation whatever to the jurisdiction of the probate court to appoint a guardian for the person and estate of insane persons. The purpose of the act is to provide a method for the trial of those persons who are alleged to be insane, and to authorize their confinement in an asylum or sanitarium for the cure of insanity. It is true that the act provides that "no person shall be adjudged insane or committed as such except upon and pursuant to the following provisions, to-wit," and then provides for a jury trial. But it is clear that the only purpose of the act in providing a jury trial in such cases is to protect the personal liberty of citizens of Alaska. A person so found to be insane is committed by the warrant of the commissioner to the restraint of an insane asylum, and Congress deemed it proper to safeguard the per-

sonal liberty of a citizen by granting him a jury trial in such cases.

The matter of the appointment of a guardian for the person and estate of an insane person is peculiarly within the equitable jurisdiction of the probate court; it is a proceeding for his benefit and for the protection of his estate. His liberty is not thereby restrained, but only his control of his property rights, which are sought to be protected by the law through the appointment of a guardian. The two acts relate to distinct and separate rights of the insane person, and have no relation to each other. The provisions of chapter 88 of the Code of Civil Procedure of Alaska are neither amended, modified, nor repealed by the act of January 27, 1905. The power of the probate court to appoint a guardian for the person and estate of resident or nonresident insane persons is not limited in any respect by the eighth section of that act.

The demurrer upon the ground that it is necessary to the jurisdiction of the probate court in appointing a guardian of the person and estate of an insane person that he shall first be declared insane by a jury trial is overruled.